RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 2 1 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

# IN THE UNTIED STATES DISTRICT COURT
# FOR THE NORTHERN DICTRICT OF GEORGIA
# ATLANTA DIVISON

| | | |
|---|---|---|
| Tara Lewanna Abdullah | ) | |
| Plaintiff, | ) | Case Number: 1:26-CV-0350 |
| v. | ) | |
| | ) | Jury Demand |
| PENNYMAC LOAN SERVICES, LLC et al. | ) | |
| RUBLIN LUBLIN et al | ) | |
| STEVEN D. GRIMBERG | ) | |
| ERIC K. DUNAWAY | ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW

**U.S. Constitution Bill of Rights 5TH ,11TH , AND 14TH Amendments 42U.S.C.§1983 et seq and 18 U.S.C.§1968 et seq, 18 U.S.C.§1964 et seq. 18 U.S.C.§ 241**

Before this Court, Tara Lewanna Abdullah also referred to as "Petitioner. and or "Plaintiff" U.S. Citizen, in living person capacity, hereby files a Complaint with the Clerk of this Court and moves this Court for a Mandatory Declaratory Judgment in the amount of $4,000,000 in favor of "Petitioner". Additionally, Petitioner herby Demands an investigation in this subject matter according to 18U.S.C. §1964. with grounds being a Conspiracy against Civil Rights occurred against Tara Lewanna Abdbullah "Plaintiff" and "Petitioner" Whereas acts committed by Defendants unconstitutional, consistent with 18 U.S.C.§ 241 and deprivation of Petitioner's 5th, 11th, and 14th of The U.S. Constitution Bill of Rights. The named individuals and Corporations have conspired against and a deprived Petitioner Rights of "Due Process" and "Jury Trial" before taking any action against a U.S. Citizen. IT appears that all parties named in this petition have intentionally and willfully conspired together against Petitioner disabling Petitioner from seeking justice from these unlawful acts taken against Petitioner.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tara Lewanna Abdullah |
| Address | 911 Moreland Ave SE |
| | Atlanta (City) GA (State) 30316 (Zip Code) |
| County | Fulton |
| Telephone Number | 404-964-3421 |
| E-Mail Address | tabdu007@yahoo.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

| Defendant No. 1 | Corporation Services |
|---|---|
| Name | PENNYMAC LOAN SERVICES, LLC et al |
| Job or Title *(if known)* | Registered agent for ↑ |
| Address | 289 S. Culver St |
| | Lawrenceville (City) GA (State) 30046 (Zip Code) |
| County | ~~unknown~~ Gwinett |
| Telephone Number | unknown |
| E-Mail Address *(if known)* | unknown |
| | ☐ Individual capacity ☑ Official capacity |

| Defendant No. 2 | Peter Lublin - Registered Agent for |
|---|---|
| Name | RUBLIN LUBLIN, LLC et al |
| Job or Title *(if known)* | Registered agent for ↑ |
| Address | 3145 Avalon Ridge Pl, Ste 100 |
| | Peachtree Corners (City) GA (State) 30071 (Zip Code) |
| County | Gwinett |
| Telephone Number | unknown |
| E-Mail Address *(if known)* | unknown |
| | ☐ Individual capacity ☑ Official capacity |

Defendant No. 3

Name: ERIC K. DUNAWAY
Job or Title *(if known)*: Judge
Address: 185 Central Ave S.W. ste T4955
Atlanta (City) Georgia (State) 30303 (Zip Code)
County: Fulton
Telephone Number: 404-612-2812
E-Mail Address *(if known)*: unknown

☐ Individual capacity ☑ Official capacity

Defendant No. 4

Name: STEVEN D. GRIMBERG
Job or Title *(if known)*: Judge
Address: 75 Ted Turner DR SW RM 1706
Atlanta (City) GA (State) 30303-3309 (Zip Code)
County: Fulton
Telephone Number: unknown
E-Mail Address *(if known)*: unknown

☐ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

depirvation under color of LAW / VIOLATION OF 5th, 11th & 14th Amendments of The U.S. Constitution

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

(SEE Seperate attachments)

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Fulton County Court house, U.S. District Court

B. What date and approximate time did the events giving rise to your claim(s) occur?

Between 2/2024 - 2025, & 2026

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(See seprate attachments)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

statement of claim
(See Attachment)
attached seperately

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

~~STATEMENT OF~~ CLAIM
(~~SEE Attachment~~) Fulton County, Superior Ct, / DISTRICT COURT.
Seperately

B. What date and approximate time did the events giving rise to your claim(s) occur?

STATEMENT OF Claim
(SEE Attachment)
Seperately

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Bret Jacob ehaness - involved and wittness what took place. Court Room reporter Jolanda Price and Dorethia Stephens wittness in court. Docketing Clerks U.S. District Court that docketed case filings etc.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

(See addition attachment
STATEMENT OF CLAIM)

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

(See additional attachment
STATEMENT OF CLAIM)

## STATEMENT OF CLAIM

1. PENNYMAC LOAN SERVICES, LLC took action against Petitioner's and or Petitioner's Real Property in Fulton County Georgia by non-judicial legal process that included filing of a Deed Under Power and Assignment of Deed. Whereas as PENNYMAC LOAN SERVICES, LLC acted without authority to take any action against Petitioner then falsely claimed to have purchased said Real Property at auction for the price of $396,432 2/5/24. (SEE EXHIBIT and EXHIBIT B)

2. Petitioner filed a claim in Fulton County Superior court in 7/24 and was Granted an Order of Default by Judge Eric K. Dunaway on 8/21/24. Whereas the believed to be attorney Bret J. Chaness of RUBLIN LUBLIN, LLC for Defendant PENNYMAC LOAN SERVICES, LLC removed case 24cv00874 from Superior Court to U.S. DISTRICT COURT Case Number 1:24-CV03627on the same day Judge Eric K. Dunaway signed Petitioner's Order seeking eviction of Petitioner. That Case was voluntarily Dismissed by Petitioner due to injustice but never Remanded to Superior Court. Whereas Petitioner's motion to Remand the Case were denied by Judge Steven D. Grimberg. (SEE EXHIBIT C)

3. Petitioner attempted to resolve this matter by reopening case 24cv00874 for Final Verdict in 2024, the Motion was Denied By superior court Judge Eric K. Dunaway due to pending case in District Court. (SEE EXHIBIT D)

4. After Petitioner was Discharged from Chapter 7 Bankruptcy with Case Number 25-63301 that included Real Property on 5/30/25 Defendant PENNYMAC LOAN SERVICES, LLC filed an application and Affidavit for eviction with Fulton County magistrate court and the judge ordered the case to Superior court with Case Number 25cv010628.

5. Petitioner removed Case Number 25cv010628 to U.S. DISTRICT COURT Case Number 1:25CV- 6194 due to injustice Whereas judge Dunaway's order deprived and or violated Petitioners Right to a "jury trial" by imposing schedule deadlines as to PENNYMAC LOAN SERVICES, LLC motion for summary judgement after granting Petitioner a jury trial. (SEE EXHIBIT E)

6. Judge Steven D. Grimberg violated Petitioners Right to "Due Process" in Case 1: 25-CV-5933 by delaying approval or denying Petitioner's amended "IFP application filed on 12/3/25 now being more that 30 days as of 1/21/25

**INJURIES**

Plaintiff in this subject matter has sustained injuries as a result of the actions from the individuals and corporations listed in this complaint as follows: **(a)** Permanent psychological and emotional Trauma diagnosed as (PTSD) and Anxiety to the extent Plaintiff id on prescribed medication indefinitely and psychological therapy **(b)** physical injury resulting in loss of appetite, weight loss and hair loss resulting in therapy. **(c)** Loss of long term relationships with significant other, friends, and family due to ongoing depression issues and isolation. **(d)** Loss of enjoyment of Life, and **(e)** Loss of business income and personal income related to inability to work related to stress and having to litigate and defend self in multiple Civil Right violations.

**REMEDY**

18 U.S.C.§1964

Petitioner moves this Court for Relief by Order Granting a Mandatory Declaratory Judgement for monetary Remedy to make whole Petitioner Tara Lewanna Abdullah for actual damages and punitive damages for Civil Rights Violation under Color of Law with a Total Claim Amount of $4,000,000.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/21/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Tara Lewanna Abdullah

911 Moreland Ave SE
Atlanta, Georgia 30316

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Address ____________

City ____________ State ____________ Zip Code ____________

Telephone Number ____________

E-mail Address ____________

# EXHIBIT

# A

(1 pg)

Deed Book 66942 Page 92
Filed and Recorded 06/28/2023 09:35:00 AM
2023-0173386
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 5224125492
7067927936

When Recorded Return To:
PennyMac Loan Services, LLC
C/O Nationwide Title Clearing, LLC
2100 Alt. 19 North
Palm Harbor, FL 34683

EXHIBIT "A"

## ASSIGNMENT OF SECURITY DEED

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS GRANTEE, AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS, (ASSIGNOR), (MERS Address: P.O. Box 2026, Flint, Michigan 48501-2026)** by these presents does convey, grant, assign, transfer and set over the described Security Deed with all liens and any rights due or to become due thereon to **PENNYMAC LOAN SERVICES, LLC, WHOSE ADDRESS IS 3043 TOWNSGATE ROAD STE 200, WESTLAKE VILLAGE, CA 91361 (800)777-4001, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Security Deed is executed by **TARA L. ABDULLAH** to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS GRANTEE, AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS** and recorded in Deed **Book 65337 and Page 109** in the office of the Clerk of the Superior Court of **FULTON** County, **Georgia**.

**IN WITNESS WHEREOF**, the undersigned has hereunto set its hand **this 28th day of June in the year 2023.**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS GRANTEE, AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS**

**By:** Cecelia Mansfield
**CECELIA MANSFIELD**
**VICE PRESIDENT**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
CORPORATE SEAL 1999 DELAWARE

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

Signed and delivered on the date above and in the presence of:

Tracy Rogers
**TRACY ROGERS**
**WITNESS**

STATE OF FLORIDA COUNTY OF PINELLAS
Sworn to (or affirmed) and subscribed before me by means of [X] physical presence or [ ] online notarization on this 28th day of June in the year 2023, by Cecelia Mansfield as VICE PRESIDENT for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS GRANTEE, AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS. He/she is personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument.

**VICKY MCCOY**
**COMM EXPIRES: 12/18/2026**

VICKY MCCOY
Notary Public - State of Florida
Commission # HH 328470
My Comm. Expires Dec 18, 2026
Bonded through National Notary Assn.

PMACI[redacted] MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) MIN
[redacted] MERS PHONE 1-888-679-6377 MERS Mailing Address: P.O. Box 2026, Flint, MI
[redacted]

# EXHIBIT "B"

(3 pgs)

EXHIBIT "B"

Deed Book 67652 Page 521
Filed and Recorded 03/08/2024 12:42:00 PM
2024-0033316
CHÉ ALEXANDER
Clerk of Superior Court
Fulton County, GA
Participant IDs: 4705915718

File No. [redacted]

RECORD AND RETURN TO:
Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
(770) 246-3300
PARCEL ID: 14 -0010-0004-046-8

CROSS INDEX TO DEED BOOK 65337, PAGE 109, FULTON COUNTY, GEORGIA RECORDS

STATE OF Texas

COUNTY OF Tarrant

**DEED UNDER POWER**

THIS INDENTURE, dated February 6, 2024, by TARA L ABDULLAH ("Borrower") acting through his or her duly appointed agent and attorney in fact PENNYMAC LOAN SERVICES, LLC ("Lender") as party of the first part, and PENNYMAC LOAN SERVICES, LLC as party of the second part:

WITNESSETH:

WHEREAS, Borrower executed and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS GRANTEE, AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP , ITS SUCCESSORS AND ASSIGNS., ITS SUCCESSORS AND ASSIGNS, that certain Security Deed dated February 25, 2022, and recorded February 28, 2022 in Deed Book 65337, Page 109, Fulton County, Georgia Records, conveying the after-described property, as last transferred to PennyMac Loan Services, LLC, by Assignment, if required, pursuant to O.C.G.A. §44-14-162, to secure the payment of a Promissory Note of even date therewith, in the original principal amount of Three Hundred Seventy-Nine Thousand Seven Hundred Nineteen and 00/100 dollars ($379,719.00); and

WHEREAS, default in the payment under said Note occurred, and whereas by reason of said default, Lender elected, pursuant to the terms of said Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, Lender did perform a diligent search of the bankruptcy records for each known Borrower and determined that Lender was not subject to an automatic stay in bankruptcy both at the time foreclosure proceedings commenced and the time the Property was sold; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of said Security Deed, Lender did advertise said property for sale once a week for four (4) weeks immediately preceding the sale in the newspaper in Fulton County, Georgia, wherein the Sheriff carried his advertisement, namely South Fulton Neighbor; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. §§ 44-14-162.2 and 44-14-162.4. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was submitted to the publisher of South Fulton Neighbor, to the Borrower and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of February 06, 2024; and



https://search.gsccca.org/Imaging/HTML5Viewer.aspx?id=85538411&key1=67652&key2=521&county=60&countyname=FULTON&userid=142626&ap... 1/3

WHEREAS, Lender did expose said land for sale to the highest bidder for cash on the first Tuesday in February, 2024, within the legal hours of sale at the Fulton County Courthouse and offered said property for sale at public outcry to the highest bidder for cash when and where Party of the Second Part bid Three Hundred Ninety-Seven Thousand Three Hundred Ninety-Two and 18/100 dollars ($397,392.18) and;

WHEREAS, said property was auctioned off to the Party of the Second Part for the aforementioned sum of money in cash.

NOW, THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said Party's representatives, heirs, successors and assigns, the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT NO. 10, OF THE 14TH DISTRICT OF FULTON COUNTY, GEORGIA, IN THE CITY OF ATLANTA, BEING LOT. NO. 19, BLOCK 1, HIRSH PROPERTY SUBDIVISION, AS MORE PARTICULARLY SHOWN ON SURVEY PREPARED BY GEORGIA LAND SURVEYING CO., INC. DATED OCTOBER 9, 1979, SAID PROPERTY BEING IMPROVED PROPERTY NOW OR FORMERLY KNOWN AS 911 MORELAND AVENUE SOUTHEAST, ACCORDING TO THE PRESENT SYSTEM OF NUMBERING IN FULTON COUNTY, GEORGIA AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT AN IRON PIN FOUND ON THE WESTERN SIDE OF MORELAND AVENUE 111 .0 FEET SOUTHERLY FROM ITS INTERSECTION WITH THE SOUTHERN SIDE OF EDEN AVENUE; RUNNING THENCE SOUTHERLY ON AND ALONG THE WESTERN SIDE OF MORELAND AVENUE 50.0 FEET TO AN IRON PIN FOUND; RUNNING THENCE WESTERLY 200.0 FEET TO AN IRON PIN FOUND ON THE EASTERN SIDE OF A 10 FOOT ALLEY; RUNNING THENCE NORTHERLY ON AND ALONG THE EASTERN SIDE OF SAID ALLEY 50.0 FEET TO AN IRON PIN FOUND; RUNNING THENCE EASTERLY 200.0 FEET TO THE IRON PIN FOUND AT THE POINT OF BEGINNING.

THIS PROPERTY IS NOW OR WAS FORMERLY KNOWN AS 911 Moreland Ave SE, Atlanta, GA 30316

Together with all rights, members and appurtenances thereto, also all the estate, right, title, interest, claim or demand of Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; any outstanding taxes, including but not limited to ad valorem taxes, which constitute liens upon said property; all restrictive covenants, easements, rights-of-way and any other matters of record superior to said Security Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto the Party of the Second Part and said Party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

IN WITNESS WHEREOF, Lender as Attorney in Fact for Borrower has affixed its hand and seal on this 5 day of March, 2024 to be effective as of the date first above written.

**Signed, Sealed and Delivered in the presence of:**

Unofficial Witness

Notary Public

**BY PENNYMAC LOAN SERVICES, LLC AS ATTORNEY IN FACT FOR TARA L ABDULLAH**

By: (L.S.)
Printed Name: Lizet Rodriguez
Title: "Authorized Representative"

Attest: (L.S.)
Printed Name: Catherine Spivey
Title: Authorized Representative
(Corporate Seal)

My Commission Expires: 1/24/2026

(Notary Seal)

NOTARY PUBLIC STATE OF TEXAS
DAVID PEREZ
Notary ID #130608369
My Commission Expires
January 24, 2026

# EXHIBIT "C"

(3pgs)

EXHIBIT "C"

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TARA ABDULLAH

Plaintiff,

v.

PENNYMAC LOAN SERVICES, LLC.,

Defendant.

Case No. 24CV008764

Judge Eric Dunaway

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This case is before the Court on Plaintiff's Motion for Default Judgment. Defendant has not responded to any of Plaintiff's filings nor sought relief with the Court.

"A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." O.C.G.A. § 9-11-12(a). Where a defendant fails to file an answer within 30 days, the case "shall automatically become in default" unless the time for filing an answer has been extended. O.C.G.A. § 9-11-55(a). Defendant was served July 17th, 2024. As of the date of this order, the 30-day window has closed, and Defendant is automatically in default.

This default may be opened as a matter of right within 15 days of the day of default:

> "Upon the payment of costs, a prejudgment default may be opened under OCGA § 9–11–55 (b) on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. This court has previously held that the "showing" required by this Code section to be made "under oath" includes the showing of a "meritorious defense.""

*Williams v. HSBC Mortgage Services, Inc.* 340 Ga. App. 887, 888, 796 S.E.2d 923, 924 (2017) (citing *SunTrust Bank v. Perry*, 233 Ga. App. 701, 505 S.E.2d 230 (1998)). If defendant fails to satisfy the above conditions within 15 days of the entry of default, the plaintiff "at any time

thereafter shall be entitled to verdict and judgment by default". O.C.G.A. § 9-11-55(a).

Defendants are advised that a notice of appeal must be filed within thirty (30) days after entry of the appealable decision or judgment. O.C.G.A. § 5-6-38.

Plaintiff's motion is GRANTED. Defendant is in DEFAULT.

SO ORDERED this 21 day of August, 2024.

HON. ERIC DUNAWAY
Fulton County Superior Court
Atlanta Judicial Circuit

Filed and served electronically via Odyssey eFileGA

Also served via U.S. Mail to:
**C T CORPORATION SYSTEM**
**289 S Culver St,**
**Lawrenceville, GA, 30046-4805**

Fulton County Superior Court
***EFILED***KJ
Date: 8/6/2024 11:30 AM
Che Alexander, Clerk

**IN THE Superior ...... COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

TARA LEWADNA ABOULLAH, Plaintiff/Landlord

v. File No. 24CV008764

PENNYMAC LOAN SERVICES, LLC, Defendant/Tenant

## AFFIDAVIT and REQUEST FOR DEFAULT JUDGMENT

Plaintiff declares that Defendant(s) has/have failed to answer and has/have failed to open the default by filing an answer and paying court costs no later than 15 days after the date of the default. Defendant was served [ ] personally, or [✓] notoriously on 7/17/, 2024, and proof of service was filed with the Magistrate Court on 7/19/, 2024

[ ] Defendant is an individual and I have attached a military affidavit, pursuant to 50 U.S.C. appx. § 521 (Servicemembers Civil Relief Act); or [ ] Defendant is not an individual so a military affidavit is unnecessary.

Plaintiff requests default judgment in the amount of $1,000,000. ~~1,000,000~~ (TOTAL), itemized as follows: $1,000,000 Principle; ~~$386,785~~ 8% Interest; $1,000 ~~Attorney~~'s Fees; and $300 Court Costs. (OR) Restoration of Title of said property Restored to lawful owner Tara Lewanna Aboullah. (OR TORT)

Tara Lewanna Aboullah
Signature of Affiant

Subscribed and sworn to before me this 6th day of Aug., 2024

MARVIN WOOLEY
NOTARY PUBLIC
COMMISSION EXPIRES
Jan. 21, 2027
DEKALB COUNTY, GA

Marvin Wooley
Notary Public/Clerk/Deputy Clerk

Printed/Typed Name of Affiant

## PROPOSED ORDER GRANTING DEFAULT JUDGMENT

It appearing to the Court that Defendant(s) has/have failed to file an answer in the above-styled matter in the time required by law, after service has been perfected, the case being in default, it is, hereby ORDERED AN ADJUDGED that Plaintiff(s) have judgment and shall recover the sum of $______________(TOTAL), itemized as follows: $______________Principal; $______________Interest; $______________ Attorney's Fees; and $______________Court Costs.

SO ORDERED this _____day of _________________, 20____.

Judge [_______________], Magistrate Court of Fulton County

6 of 5
~~7 of 7~~

# EXHIBIT

# "D"

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **TARA ABDULLAH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PENNYMAC LOAN SERVICES, LLC,**<br><br>**Defendant.** | **CIVIL ACTION FILE NO. 24CV012343**<br><br>**HON. ERIC K. DUNAWAY** |

**FINAL ORDER DENYING MOTION TO REOPEN**

The above referenced case is a post-judgment proceeding, in which Plaintiff seeks to reopen the underlying case, *Tara Abdullah v. Pennymac Loan Services, LLC*, Civil Action File No. 24CV008764.

The underlying case was closed by the Clerk based upon Defendant Pennymac Loan Services, LLC's Notice of Removal to United States District Court, which it filed on August 21, 2024. Pursuant to 28 U.S.C. § 1446 (d), "[p]romptly after the filing of such notice of removal of a civil action the defendant ... shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded." On October 22, 2024, Plaintiff filed a "Notice of Removal," contending that the underlying case "is being removed from this Court back to Fulton County Superior Court due to lack of Subject Matter Jurisdiction." However, it is well settled that "[t]he Federal Courts have final authority in matters of removal under 28 U.S.C.A., sec. 71." Kerley v. Standard Oil Co., 224 N.C. 465, 466 (1944). Therefore, unless and until a Notice of Remand is issued by the District Court, this Court does not have jurisdiction over the underlying case and lacks the authority to reopen the action. Upon review of the docket of this case and the underlying case, no Notice of

Remand has been issued by the District Court. Accordingly, Plaintiff's Motion to Reopen must be DENIED.

There being nothing further for the Court to adjudicate in this post-judgment proceeding, the Clerk is hereby directed to CLOSE this file.

**SO ORDERED**, this 24th day of October, 2024.

Eric K. Dunaway

**Honorable Eric K. Dunaway**
Judge, Fulton County Superior Court
Atlanta Judicial Circuit

**Filed and served electronically via Odyssey eFileGA**

# EXHIBIT

# "E"

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **PENNYMAC LOAN SERVICES, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TARA ABDULLAH,**<br><br>**Defendant.** | **Civil Action File No. 25CV010628**<br><br>**Honorable Eric K. Dunaway** |

**ORDER DENYING MOTIONS TO DISMISS, GRANTING MOTION FOR JURY TRIAL, AND IMPOSING SCHEDULING DEADLINES**

The above referenced case came before this Court for a Bench Trial on all pending matters and motions on October 6, 2025, at which Plaintiff was represented by its counsel of record and Defendant appeared *pro se*. Having heard argument regarding several Motions, the Court hereby finds as follows.

The Court turns first to Defendant's Motion to Dismiss Dispossessory Proceedings and or Application due Lack of Subject Matter Jurisdiction and Failure to State a Claim, filed in Magistrate Court on June 6, 2025, which was amended by the Defendant on June 23, 2025, and Defendant's Motion for Dismissal of Action due to Lack of Subject Matter Jurisdiction, filed in this Court on September 29, 2025. In both Motions, Defendant contends that a prior pending action in this Court, *Tara Abdullah v. Pennymac Loan Services, LLC* (24CV008764) ("the 2024 action"), prevents the Court from taking any action in the present case. The 2024 action was removed to the United States District Court for the Northern District of Georgia, Atlanta Division on August 21, 2024.[1] Pursuant to 28 U.S.C. § 1446 (d), a notice of removal of a civil action from State court to

[1] "Judicial notice of other civil cases before the same court is appropriate." Wilson v. Norfolk S. Corp., 200 Ga. App. 523, 526 (1991).